UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN LITTLE | * | CIVIL ACTION |
| versus | * | NO. 06-9077 |
| MEL NELSON and STATE FARM INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the Littles' home in Chalmette, Louisiana. The Littles bought both flood and homeowners' policies from State Farm. The flood policy was underwritten by FEMA through the National Flood Insurance Program, in which State Farm was a participating carrier. State Farm issued the Littles' homeowners policy. The Littles filed claims under both policies. State Farm and FEMA paid 100% of the claim under the flood policy ($105,000), but State Farm refused to pay the claim under the homeowners policy ($207,000). The Littles filed a lawsuit in state court on August 25, 2006, naming State Farm and Mel Nelson, the State Farm agent. They asserted they were entitled to payment for the value of the homeowners policy, plus state law penalties. The Littles also asserted that both the agent and State Farm were liable for

1

negligence in procurement of insurance because neither advised the Littles of gaps in coverage between the flood and homeowners policies

The defendants removed the case to this Court on October 26, 2006, invoking this Court's original diversity jurisdiction and, alternatively, arguing that the lawsuit is properly removed because this Court has original federal subject matter jurisdiction as a result of the National Flood Insurance Program, a program operated and supervised by FEMA.

The Littles now move to remand, arguing that the case involves only the homeowner's claim, not the flood policy, and that the parties are diverse because Mel Nelson is from the same state as the plaintiffs.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v.

St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  However, the resolution of this case does not require the Court to examine the diversity of the parties or whether the case implicates the NFIP.  State Farm was served notice of this lawsuit on September 20, 2006.  Section 1446(b) allows defendants to remove cases to federal court within thirty days of receipt of notice of the lawsuit.  State Farm did not remove this case until October 26, 2006, well beyond the time period allowed for removal.  Therefore, the defendant's removal is defective and the plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, December 13, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE