FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 11  PM 4:48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GWENDOLYN LITTLE, wife of/and           CIVIL ACTION
CHARLES E. LITTLE, JR.

v.                                       NO. 06-9077

MEL NELSON and STATE FARM                SECTION "F"
INSURANCE COMPANY

### ORDER AND REASONS

Before the Court is State Farm's motion for reconsideration. For the reasons that follow, the motion is GRANTED.

This Court granted the plaintiffs' motion to remand on December 13, 2006, on the basis that the removal by State Farm was defective. State Farm moves the Court to reconsider this ruling, arguing that there has been an error of fact as to the actual date of service of the instant lawsuit upon State Farm through the Louisiana Secretary of State.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173

1

___ Fee____
___ Process____
X  Dktd____
___ CtRmDep____
___ Doc. No____

(5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*). Rule 6(a) of the Federal Rules of Civil Procedure excludes weekends and holidays from computation when the period of time allowed for filing is less than eleven days. State Farm filed this motion on December 23, 2006, within ten days of entry of the Court's Order granting remand. Therefore, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United,

Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

State Farm requests the Court to reexamine the exhibits included within its opposition to the plaintiffs' motion to remand. This request does not represent relitigation of old matters or litigation of new arguments.

Accordingly,

IT IS ORDERED: that State Farm's motion for reconsideration is GRANTED.  The motion to remand will be resolved on January 31, 2007 on the papers.

New Orleans, Louisiana, January 10, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE